IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 23 CR 650 |
| | ) | |
| WILLIAM FILLYAW | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Defendant William Fillyaw has moved to dismiss Counts 2 and 3 of the indictment, which charge him, respectively, with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Regarding Count 2, Mr. Fillyaw cites no authority, and the Court is unaware of any, that suggests the Second Amendment protects possession of a firearm *in connection with the commission of another crime*, which is what section 924(c) prohibits. This is not conduct that presumptively, or otherwise, falls within the protection of the Second Amendment, whose core purpose (per the Supreme Court) is to protect the right of law-abiding citizens to use arms for the purpose of self-defense. *See generally District of Columbia v. Heller*, 554 U.S. 570 (2008); *see also N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8 (2022). The Court agrees with its colleague Judge Elaine Bucklo that the Second Amendment does not preclude a charge under section 924(c). *See United States v. Garrett*, 650 F. Supp. 3d 638, 642-34 (N.D. Ill. 2023).

Regarding Count 3, Mr. Fillyaw's contentions are foreclosed by the Seventh Circuit's recent decision in *United States v. Gay*, 98 F.4th 843 (7th Cir. 2024). In *Gay*, the Seventh Circuit upheld a facial Second Amendment challenge to section 922(g), and that decision is controlling here. *See id.* at 846. Mr. Fillyaw also asserts an as-applied challenge, but assuming an as-applied Second Amendment challenge can be made, his contention lacks merit, just as the defendant's similar contention did in *Gay*. The pretrial services report regarding Mr. Fillyaw reports that he has prior convictions for, among other offenses, possession of a controlled substance; aggravated battery; attempted murder; armed violence involving a weapon; and murder; and it appears he was on parole at the time of the charged offenses in this case. The Seventh Circuit's comments regarding the defendant in *Gay* are equally applicable here: "When describing the persons who possess rights under the Second Amendment, *Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant. E.g., 597 U.S. at 26, 70. [The defendant] does not fit that description." *Gay*, 98 F.4th at 846. Mr. Fillyaw did not have a constitutional right to possess ammunition.

## Conclusion

For the reasons stated above, the Court denies the defendant's motion to dismiss Counts 2 and 3 of the indictment (dkt. no. 28). Regarding his motion to dismiss Count 3 on alternate grounds (dkt. no. 27), the government is given until July 23, 2024 to file a response to the motion, and Mr. Fillyaw is given until August 2, 2024 to file a reply to the response.

Date: July 9, 2024

_____
MATTHEW F. KENNELLY
United States District Judge