IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 23 CR 650 |
| ) | |
| WILLIAM FILLYAW ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant William Fillyaw has moved to dismiss Count 3 of the indictment, a charge under 18 U.S.C. § 922(g)(1), on the ground that the statute is unconstitutional as applied to him "due to lack of jurisdiction under the Commerce Clause." Motion at 1 (heading).

Count 3 charges Fillyaw with possession of 14 rounds of ammunition after having been convicted of a felony. The indictment alleges that the ammunition had traveled in interstate and foreign commerce prior to defendant's possession.

First of all, the law is clear that section 922(g)(1) represents a valid exercise of Congress's authority under the Commerce Clause. *See United States v. Van Sach*, 458 F.3d 694, 703 (7th Cir. 2006). And proof that the ammunition had traveled in interstate or foreign commerce prior to the defendant's possession (e.g., because it was manufactured outside Illinois or outside the United States) suffices to meet the government's burden on the statute's "in or affecting commerce" element. *See, e.g., United States v. Rice*, 520 F.3d 811, 815 (7th Cir. 2008). The government is not required to prove that the defendant was involved in the interstate transport. *See*

*United States v. Sarraj*, 665 F.3d 916, 921 (7th Cir. 2012).

Mr. Fillyaw argues that his alleged possession of the ammunition did not have a substantial effect on interstate or foreign commerce, because it occurred all in one state and because of the allegedly small quantity of ammunition involved. But the law does not require an individual's possession to cause substantial effect on commerce; possession after the item has traveled in commerce is sufficient. *See, e.g., United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002). And the claimed *de minimis* charter of Mr. Fillyaw's alleged individual possession of 14 rounds—a proposition that is at best debatable in any event—is irrelevant. *See United States v. Latu*, 479 F.3d 1153, 1156-57 (9th Cir. 2007); *see Sarraj*, 665 F.3d at 921.

For these reasons, the Court denies defendant's motion to dismiss Count 3 [dkt. no. 27].

Date: December 30, 2024

_____
MATTHEW F. KENNELLY
United States District Judge